Filed 12/29/21  P. v. Nelson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>EUGENE CLINTON NELSON III,<br><br>        Defendant and Appellant. | C094092<br><br>(Super. Ct. Nos.<br>20CF04738, 21CF01001) |

Appointed counsel for defendant Eugene Clinton Nelson III filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.  We shall, however, direct the clerk to correct clerical errors in the abstract of judgment.

BACKGROUND

In September 2020, Butte County Sheriff's officers responded to a report of gunshots at defendant's residence.  When they arrived, the officers observed that

1

defendant "smelled of alcohol and was slurring his words." Defendant told them he did not hear any gunshots and that he was, in fact, "a felon who couldn't own firearms." Defendant's mother told a different story. She said that prior to their arrival, defendant was in the backyard shooting an "AR-15 style rifle."

After receiving permission, officers searched the residence. They found a "short barreled AR-15 style rifle" in the garage. The rifle was "loaded with a high capacity magazine and had a round chambered." In the garage they also found two .22-caliber rifles (one with a round chambered) and several types of ammunition. Two of the firearms did not have serial numbers. In the master bedroom of the house, a 12-gauge shotgun was found along with "two cans containing shotgun rounds." In defendant's bedroom they also found a surveillance system.

The People subsequently charged defendant with several criminal acts including possession of an assault weapon (Pen. Code, § 30605, subd. (a))[1] and possession of a short-barreled rifle (§ 33215) in Butte County Superior Court case No. 20CF04738 (hereafter, case No. 738). Defendant pleaded no contest to these possession charges. In exchange for his plea, the remaining charges were dismissed with a *Harvey*[2] waiver. At sentencing, the trial court found defendant's to be an "unusual case," suspended imposition of sentence, and placed defendant on two years' formal probation.

Two and a half months later, in February 2021, while case No. 738 was pending, Butte County Inter-Agency Narcotics Task Force agents conducted a probation search of defendant's home. No one responded to the agents' knocking at the front door, but they found defendant's father in the attached garage. He gave the agents permission to search the entire property. During their search, agents found, among other things, several

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Harvey* (1979) 25 Cal.3d 754.

firearms, ammunition, a flare gun with a live shell in it, "end caps" commonly used to make pipe bombs, a can of "smokeless powder" commonly used to reload ammunition, and indicia of drug sales.

The People subsequently charged defendant with several crimes including possession of a firearm by a felon (§ 29800, subd. (a)(1)) and possession of ingredients to make a destructive device (§ 18720), and alleged he previously was convicted of felony offenses in Butte County Superior Court case No. 21CF01001 (hereafter, case No. 001). Defendant pleaded no contest to these two charges and admitted a prior felony conviction. In exchange for his plea, the remaining charges were dismissed with a *Harvey* waiver. The court found defendant in violation of his probation in case No. 738 and revoked his probation.

At sentencing, the trial court sentenced defendant to an aggregate term of five years four months in state prison. For his convictions in case No. 001, the court sentenced defendant to four years for possessing ingredients to make a destructive device and eight months consecutive for possession of a firearm by a felon. For his convictions in case No. 738, the court sentenced defendant to another consecutive eight-month term for possession of an assault weapon, and imposed, but stayed under section 654, another three-year sentence in state prison for possessing a short-barreled rifle. The court imposed fines and fees and awarded defendant a total of 156 days of custody credit.

DISCUSSION

Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We note that there are clericals errors in the abstract of judgment. At sentencing, the trial court sentenced defendant to four years in state prison for possessing ingredients to make a destructive device (§ 18720). The abstract of judgment, however, indicates the term imposed is four months. The abstract of judgment also fails to reflect the

3

consecutive three-year term imposed, but stayed, on defendant's conviction for possessing a short-barreled rifle. The abstract notes only that a sentence was stayed. Additionally, the abstract indicates the possession of an assault weapon conviction is as to case No. 001 ("count 1A"), but it is as to case No. 738 ("count 1B"). We shall direct the clerk to amend the abstract of judgment to reflect the court's oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 [where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls].)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The clerk is directed to prepare an amended abstract of judgment reflecting the four-year term orally imposed on defendant's conviction for possessing ingredients to make a destructive device, the three-year term orally imposed, but stayed, on defendant's conviction for possession of a short-barreled rifle, and the possession of an assault weapon conviction is as to case No. 738 ("count 1B"). The clerk is further directed to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                      KRAUSE          , J.


We concur:


       HULL            , Acting P. J.


       HOCH          , J.